Randall B. Bateman (USB (06482)
BATEMAN IP
299 South Main Street, Suite 1300
Salt Lake City, UT 84111
(801) 533-0320
rbb@batemanip.com; nml@batemanip.com

*Attorneys for Plaintiff, Ashley Barrus.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| ASHLEY BARRUS, an individual, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2:26-CV-00221 |
| v. | ) |
| | ) **COMPLAINT AND** |
| CHAI RESEARCH CORP., a Delaware | ) **DEMAND FOR JURY TRIAL** |
| corporation, and DOES 1- 35, | ) |
| | ) |
| Defendant. | |

Plaintiff, Ashley Barrus  ("Barrus" or "Plaintiff"), brings this suit against  Chai Research Corp. ("Chai") and Does 1-35 (collectively "Defendants"), and alleges as follows:

### PARTIES

**1.** Barrus is an individual residing in Salt Lake City, Utah.

**2.** Chai, on information and belief, is a  Delaware corporation with its principal place of business in Palo Alto,  California.

**3.** Does 1-35, on information and belief, are the customers of Chai who have copied copyrighted content of Barrus and uploaded the content to Chai's chatbot or otherwise copied and made use of Barrus' copyrighted content.

1

## JURISDICTION AND VENUE

4.    This action arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*., and the Digital Millennium Copyright Act, 17 U.S.C. §§ 1202-1203.

5.    This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this is an action for copyright infringement and removal of copyright management information.

6.    This Court has personal jurisdiction over Chai because Chai operates an interactive website which is specifically designed for customers to upload writings thereon to engage with Chai's conversational generative artificial intelligence, also known as a chatbot.  On information and belief, Chai specifically targets customers in Utah and directs infringing works using Barrus's writings to customers in Utah.

7.    Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because, on information and belief, some of the defendants reside in this district, Defendants' have targeted Barrus and her work in this district, and that, on information and belief, Chai is found in this district due to Chai's customers being in this district and committing acts of infringement in this district such that a substantial portion of the facts relating to this action occurred in this district.

## FACTUAL ALLEGATIONS

8.    Barrus is the author of To Live a Million Lives, a 740-page anthology under the pen name the Romanoff Sisters ("the copyrighted work").  A copy of the anthology is attached hereto as Exhibit A.

**9.** Barrus's anthology contains chatbot greetings, which may be loaded into a conversational generative artificial intelligence program so that the artificial intelligence program can create interactive stories for users.

**10.** Barrus curates her chatbots on Character.ai.

**11.** Barrus has over 25,000 followers on Character.ai

**12.** Barrus' chatbot greetings have over 42 million interactions on Character.ai

**13.** Barrus completed the copyrighted work in 2025 and registered the copyrighted work with the United States Copyright Office/Library of Congress with an effective date of May 11, 2025.

**14.** A copy of U.S. Reg. No. TXu 2-496-197 is attached hereto as Exhibit B.

**15.** In March of 2025, Barrus discovered that people were copying her chatbot greetings and using them on Chai.

**16.** On or about March 21, 2025, Barrus notified Chai of infringing material on its website. The email exchange between Barrus and Joe Robida of Chai is attached hereto as Exhibit C. Included in the email exchange was a DMCA takedown notice dated March 21, 2025.

**17.** Chai did not remove the infringing content as requested by Barrus.

**18.** On or about April 2, 2025, Barrus became aware of additional infringements and sent a second DMCA takedown notice identifying additional infringements on Chai that used portions of Barrus's anthology without Barrus's permission. These included:

a. Steve Rogers and Tony Stark (User: Nyan_1246)

https://web.chai-research.com/chat/_bot_47e18387-9fae-42d8-b959-6a770313b6c

a_qR4PUqXQ7VYxu3XjUwVUOc6JAuw2_1743633120292?is_new=true

b. Alpha Bucky Barnes (User: Miri)

https://web.chai-research.com/chat/_bot_8dbbb0ef-97b8-42cd-aeaf-b061a058fb6

3_qR4PUqXQ7VYxu3XjUwVUOc6JAuw2_1743626197537?is_new=true

   c. Omega Bucky Barnes (User: Bee)

https://web.chai-research.com/chat/_bot_422a0b65-7325-4d3f-b787-fe25d6304b6

9_qR4PUqXQ7VYxu3XjUwVUOc6JAuw2_1743616661620?is_new=true

   d. Bucky Barnes (User: Nononononon)

https://web.chai-research.com/chat/_bot_498bbf95-1c0c-4d68-8e09-af771b910fe9

_qR4PUqXQ7VYxu3XjUwVUOc6JAuw2_1743624415657?is_new=true

   e. Bucky Barnes (User: YearlyCololessDamselfly)

https://web.chai-research.com/chat/_bot_bd64cdbf-1c19-41ef-8ef7-67ee9cc662d1_

qR4PUqXQ7VYxu3XjUwVUOc6JAuw2_1743632603865?is_new=true

   f. James Bucky Barnes (Winter wants) (User: Ma ESP)

https://web.chai-research.com/chat/_bot_2e8a5c64-10a0-46b4-a389-a3aac4607a

dc_qR4PUqXQ7VYxu3XjUwVUOc6JAuw2_1743628498976?is_new=true.

A copy of the takedown notice regarding the infringing material is attached hereto as Exhibit D.

19.    On information and belief, Chai has no Designated Agent as required for safe harbor provisions of the Digital Millennium Copyright Act.

20.    Barrus sent further communications in attempts to get Chai to remove the infringing content to no avail. *See* Exhibit E.

21.    Despite receiving multiple takedown letters, Chai has not only failed to remove previously identified infringing content but has also continued to allow people to upload additional

4

infringing content taken from Barrus. A summary of infringing content on Chai's system is attached hereto as Exhibit F.

22. Once Chai receives infringing content from its users, it then uses the infringing content to create interactive stories using artificial intelligence, repeatedly copying the infringing content and displaying the copyrighted content to the public.

23. Barrus is entitled to statutory damages in an amount up to $30,000 for the infringements of one or more defendants in an amount to be determined by the Court.

24. Chai's continued use of Barrus's content without permission constitutes willful copyright infringement.

25. Barrus is entitled to heightened statutory damages up to $150,000 for the willful infringement of Barrus's copyright.

26. Barrus is entitled to attorney's fees for the infringement of the copyrighted work.

27. As Barrus's work is displayed, the work includes a copyright notice and additional material which constitute "copyright management information" pursuant to 17 U.S.C. § 1202. A copy of Barrus's work containing copy management information is attached hereto as Exhibit G.

28. One or more of the Defendants has removed Barrus's copyright management information for each portion of the copyrighted work displayed on Chai.

29. Pursuant to 17 U.S.C. § 1203, Barrus is entitled to statutory damages in an amount not less than $2,500 and not more than $25,000 for each violation of 17 U.S.C. § 1202.

**COUNT I -**
**(COPYRIGHT INFRINGEMENT)**

30. Barrus repeats and realleges every allegation contained in Paragraphs 1- 28 as if fully set forth herein.

31. Barrus is the owner of a valid copyright registration covering To Live A Million Lives.

5

32.     Without authorization, consent, permission, license, and/or compensation, Defendants unlawfully reproduced and/or displayed portions of Barrus's copyrighted anthology in violation of at least 17 U.S.C. §§ 106(1, 2 and 5), and 17 U.S.C. § 501, and thereby infringed Barrus's copyrights.

33.     Defendants' infringement includes, but is not limited to, at least the 34 postings of portions of To Live a Million Lives posted on Chai.

34.     Chia has financially benefited from allowing its users to make copies of Barrus's work.

35.     Barrus is informed and believes, and on that basis alleges, that Defendants' infringements were willful, intentional, and/or reckless. Chai has been aware of the infringement of the copyrighted work since the spring of 2025 and knew that Barrus did not authorize Chai to use Barrus's copyrighted work without authorization.  Defendants never obtained permission from Barrus to copy Barrus's copyrighted work and have continued infringing Barrus's copyright work for almost a full year.

36.     Barrus is entitled to recover actual damages suffered by it as a result of Defendants' infringement and profits of the Defendants attributable to Defendants' infringement pursuant to 17 U.S.C. § 504(b).

37.     Barrus is entitled to an award of statutory damages pursuant to 17 U.S.C. § 504(c)(1), and for heightened damages pursuant to 17 U.S.C. § 504(c)(2).

38.     Barrus is entitled to an award of its costs incurred to enforce its copyrights, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

39.     Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Barrus unless enjoined by this Court.  Barrus has no adequate remedy at

law. Pursuant to 17 U.S.C. § 502, Barrus is entitled to a permanent injunction prohibiting infringement of Barrus's exclusive rights under copyright law.

## COUNT II
### (REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION)

40. Barrus repeats and realleges every allegation contained in Paragraphs 1- 28 as if fully set forth herein.

41. Barrus owns a work for which copyright management information is provided, including the year of creation and a copyright notice covering To Live A Million Lives.

42. Without authorization, consent, permission, license, and/or compensation, Defendants unlawfully reproduced Barrus's work and intentionally removed the copyright notice and other copyright management information, knowing that the copyright management information had been removed without authority of the copyright owner in violation of 17 U.S.C. § 1202(b).

43. Wherefore, Barrus is entitled to her actual damages and any profits of Defendants due to the infringements. Alternatively, Barrus is entitled to between $2500 and $25,000 for each violation of 17 U.S.C. § 1202.

44. Defendants' conduct has caused, and will continue to cause, irreparable injury to Barrus unless this Court enjoins further removal of Barrus's copyright management information. Barrus has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Barrus is entitled to a permanent injunction prohibiting any further removal of Barrus's copyright management information.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure Rule 38, Barrus hereby demands a trial by jury on all issues so triable.

7

## PRAYER FOR RELIEF

WHEREAS Barrus prays for relief as follows:

1. For an award to Barrus, pursuant to 17 U.S.C. § 504 of either (1) the actual damages suffered by Barrus with respect to past infringement, plus any additional profits of Defendants that are attributable to the infringement that are not taken into account in computing actual damages to be proven at trial; or (2) statutory damages as provided by Section 504(c) in an amount to be determined by the Court;

2. For a finding that the infringement by Defendants was willful, and for an award to Barrus, at its election, of statutory damages against Defendants for willfully committing infringement as provided by 17 U.S.C. § 504 in an amount to be determined by the Court;

3. For an order that Defendants account for all sales, revenues, costs, and profits from their wrongful conduct and unauthorized use of Barrus's copyrights, and that Defendants pay Barrus damages in an amount to be proven at trial, but including Defendants' profits and actual damages1202 suffered by Barrus as a result of Defendants' wrongful acts;

4. For an order pursuant to 17 U.S.C. § 502 permanently enjoining Defendants and their agents, servants, employees, and all other persons who are in active concert or participation with any of the aforementioned from publishing Barrus's copyrighted images or any other work derivative of Barrus's copyrighted work;

5. For an award to Barrus of actual damages and any profits of Defendants not taken into account during the computation of actual damages for Defendants removing Barrus's copyright management information from Barrus's work;

6. Alternatively, for an award to Barrus of between $2500 and $25,000 for each violation of 17 U.S.C. § 1202 by removal of Barrus's copyright management information;

7. For an award of Barrus's attorneys' fees, expenses, and costs, pursuant to 17 U.S.C. § 505;

8. For an award to Barrus of pre- and post-judgment interest; and

9. For an award to Barrus of such other and further relief as the Court deems just and proper.

Dated this 16th day of March 2026

BATEMAN IP


/s/Randall B. Bateman
Randall B. Bateman


*Attorney for Plaintiff, Ashley Barrus*

9